UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Thomas E. Perez,<br>Secretary of Labor,<br>United States Department of Labor<br><br>     Petitioner,<br><br>vs.<br><br>Beachside Home Care, LLC,<br><br>     Respondent. | CASE NO: 4:16-mc-191-BHH<br><br>Report and Recommendation[1] |

This matter is before the court on the May 11, 2016 Petition of Thomas E. Perez, the Secretary of Labor, United States Department of Labor ("the Secretary" or "Petitioner"), to Enforce Administrative Subpoena *Duces Tecum* Issued by the Wage and Hour Division concerning an investigation of Beachside Home Care, LLC ("Respondent") that is being conducted pursuant to the Fair Labor Standards Act of 1938, as amended ("FLSA"). ECF No. 1. A copy of the Administrative Subpoena (the "Subpoena") is found at pages 11 through 14 of ECF No. 1-1. The Petition is docketed as a miscellaneous action and is assigned to United States District Judge Bruce H. Hendricks. 4:16-mc-00191-BHH. On May 31, 2016, Judge Hendricks issued an Order to Show Cause directing Respondent to show cause as to why it should not be

---

[1] The undersigned provides a Report and Recommendation ("Report") for the United States District Judge in this matter because it addresses all relief Petitioner seeks in this matter. Accordingly, the court's ruling on this Report will end this case. *See* 28 U.S.C. § 636. *See generally E.E.O.C. v. Schwan's Home Serv.*, 707 F. Supp. 2d 980, 987–90 (D. Minn. 2010), aff'd, 644 F.3d 742 (8th Cir. 2011) (finding magistrate judge's ruling on agency's rule to show cause why administrative subpoena should not be enforced was dispositive, making portions to which objections filed subject to *de novo* review; collecting cases, including *Aluminum Co. of Am. v. EPA*, 663 F.2d 499, 501 (4th Cir. 1981) (noting that ruling on a motion to quash an administrative search warrant was dispositive because it "set forth all of the relief requested")).

required to comply with the Secretary's Subpoena and why the relief sought in the Petition should not be granted. ECF No. 3. The Secretary served the May 31, 2016 Order to Show Cause, the Petition, and a copy of the Subpoena on Respondent by mail on June 6, 2016, and in person on June 7, 2016. ECF Nos. 5, 6. On July 26, 2016, the Secretary filed a Motion to Set a Hearing Date and for Payment of Costs ("Motion for Hearing and Costs"), ECF No. 7, which was referred to the undersigned pursuant to 28 U.S.C. § 636, *see* ECF No. 10. In the July 26, 2016 Motion for Hearing and Costs, Petitioner advised the court that Respondent had provided only two responsive items by email. Petitioner requested that the court schedule a hearing and require that a representative of Respondent appear and produce at the hearing all documents and items responsive to the Subpoena that had not already been provided to the Secretary. The Secretary also sought an order requiring that Respondent pay reasonable costs associated with the filing of this Motion and for attendance at the hearing. ECF No. 7.

I.     The Investigation, the Subpoena, and the Petition

As explained by Petitioner's Wage and Hour Investigator George Gagne ("WHI Gagne"), Petitioner's Wage and Hour Division opened an investigation of Respondent in March 2016. Gagne Decl. ¶ 2, ECF No. 1-2. Gange requested in writing certain records necessary to conduct the investigation. *Id.* ¶ 8. Gange indicated that he requested the records in writing on March 14 and March 18, 2016, and that he spoke with Respondent's Office Manager on March 22, 2016. Respondent did not provide the requested records. *Id.*

On March 31, 2016 Assistant District Director Jason Coker sent a letter on behalf of Petitioner instructing Respondent to appear at the Florence Field Office on April 7, 2016 and to provide the requested documents. Gagne Decl. ¶ 9; Mar. 31, 2016 Ltr., ECF No. 1-2 at 6–8. The

March 31, 2016 letter was sent to the attention of "Ms. Chandra Betts—Managing Member/Owner" of Respondent and included a detailed list of the requested documents. ECF No. 1-2 at 6-8. Respondent did not comply with the request at that time, nor did any representative of Respondent "come to the Field Office or provide records at any time thereafter." Gange Decl. ¶ 10.

On April 21, 2016, WHI Gagne personally served the Subpoena on Respondent's Office Manager. Gange Decl. ¶ 13. *See* Subpoena, ECF No. 1-2 at 11-14. The Subpoena required Respondent to appear with the documents at the Field Office on April 28, 2016. Respondent's Office Manager advised WHI Gagne on April 21, 2016, that only Ms. Betts could provide the requested information. Gange Decl. ¶ 15. No one appeared at the Field Office on Respondent's behalf on April 28, 2016, nor did Respondent "otherwise produce the requested documents." *Id.* ¶ 16.

On May 11, 2016, Petitioner filed the Petition now under consideration. ECF No. 1. WHI Gange's Declaration signed on May 5, 2016, declared that Ms. Betts had not returned messages left for her and Respondent had not provided "any documents responsive to the Subpoena" as of May 5, 2016. Gange Decl. ¶¶ 17, 18.

II.     The Instant Action

Petitioner seeks enforcement of the Subpoena, detailing Respondent's failure to provide the requested documents and to comply with the Subpoena. Pet. ¶¶ 1–19, ECF No. 1. Petitioner submits that Respondent's failure to provide responsive documents "constitutes disobedience and resistance to a lawful subpoena and an attempt to resist and thwart a lawful investigation by the Secretary." *Id.* ¶¶ 19–20. The Petition requests that the court provide the following relief:

1) Enter an Order requiring Respondent to Show Cause, if any, why it should not be required to produce the items in subpoena;

2) Enter an Order directing Respondent to appear at a time and place to be fixed by the Court, before a duly-appointed official of the United States Department of Labor, and to produce, at that time, all items and documents listed and described in the Subpoena; and
3) Grant the Secretary such other and further relief as may be necessary and appropriate.

Pet. 5. At this time, it appears the first two requested items of relief have been granted. On May 31, 2016, Judge Hendricks' issued an Order requiring Respondent to show cause why it should not provide the subpoenaed documents. Order to Show Cause, ECF No. 3. The Order to Show Cause did not include a specific deadline by which Respondent was to provide a reason or reasons why it was not required to respond to the Subpoena.

Nearly two months later, Petitioner filed the Motion for Hearing and Costs, ECF No. 7, in which Petitioner indicated Respondent had "failed to show cause or otherwise file a response of any kind," *id.* at 2. Petitioner acknowledges that "Respondent submitted two responsive tax returns by email to [DOL] on June 29, 2016[.]" *Id.* Petitioner continues, "Respondent has failed to provide any additional information requested by the Secretary and remains substantially noncompliant with the subpoena." ECF No. 7 at 2. In the Motion, Petitioner asks that the court provide the following relief:

a) set a hearing date at which the Respondent must appear, at a time and date to be fixed by the Court;
b) direct Respondent to produce, at that time, all remaining items and documents listed and described in the subpoena or face sanctions in a manner deemed appropriate by the Court; and
c) enter an order directing Respondent to pay reasonable costs associated with the Secretary's filing of this request and attendance at the hearing.

On August 1, 2016, the undersigned issued an Order setting a hearing for August 19, 2016. ECF No. 11. In that Order, the court noted Respondent had not submitted any response to the court's May 31, 2016 Order to Show Cause, and that it "appears Respondent does not take the

position that the court should not require Respondent to comply with the Secretary's subpoena." *Id.* at 2. Respondent was advised that that its representative was to appear on August 19, 2016, and provide all "items and documents listed and described in the subpoena" that had not already been provided to Petitioner. *Id.* Further, Respondent was advised that "the failure to appear and provide the requested items may result in a finding of contempt of court, including the requirement that Respondent pay the fees and costs incurred by the Secretary as well as any other appropriate and allowable sanction, including fines." *Id.*

Through the May 31, 2016 Order to Show Cause and the August 1, 2016 Order setting a hearing, Petitioner has been provided much of the relief sought in the Motion for Hearing and Costs. The August 1, 2016 Order directed the parties to appear in court on August 19, 2016, as instructed or face "a finding of contempt of court, including the requirement that Respondent pay the fees and costs incurred by the Secretary as well as any other appropriate and allowable sanction, including fines." Order 2, ECF No. 11. Accordingly, the Secretary's only remaining requests for relief are the Petition's general prayer for "such other and further relief" as the court finds to be "necessary and appropriate," and the Motion for Hearing and Costs' request that Respondent be subject to "sanctions in a manner deemed appropriate by the Court," and that Respondent be required to pay reasonable costs associated with this Petition and appearance at the August 19, 2016 hearing. Mot. 2.

III.   Compliance with Subpoena/the August 19, 2016 Hearing

Two days before the scheduled hearing, counsel for Petitioner provided the court with information indicating that Respondent—through its principal, Chandra Betts—had been communicating with WHI Gagne and with the Secretary's Counsel Lydia Jones Chastain

5

concerning the items requested by the Subpoena at issue. Counsel Chastain and Assistant U.S. Attorney ("AUSA") Jennifer J. Aldrich appeared on behalf of Petitioner at the August 19, 2016 hearing. WHI Gagne was also present. Ms. Betts appeared on Respondent's behalf.

At the hearing, Petitioner advised the court that Respondent had provided over 80 emails with attachments to Petitioner on August 18, 2016. Betts advised Petitioner and the court that she had provided all available requested documents. Petitioner indicated the information appeared to be responsive to the specific items requested in the Subpoena, although Petitioner had not yet reviewed all of the documents. Because Respondent appeared at the hearing and indicated responsive information had been provided, there was no need for any detailed, itemized discussion of the requested information at the hearing. On the date of the hearing, counsel for Petitioner submitted a memorandum claiming costs of $3,663.15 in connection with the August 19, 2016 hearing and seeking the court's ruling requiring Respondent to bear such costs. Pet.'s Cost Mem., ECF No. 19. In an August 24, 2016 Order, the court instructed Respondent to submit any response to the request for costs no later than September 9, 2016. ECF No. 20. That Order was mailed to Respondent at two different addresses. Both mailings were returned as undeliverable. Respondent has not objected to the costs sought by Petitioner, nor has it communicated with the court in any manner since appearing at the August 19, 2016 hearing.

IV.   Requests for Enforcement of Subpoena and for Hearing-Related Costs or Other Sanctions

A district court has authority to enforce an administrative subpoena such as Petitioner's pursuant to 15 U.S.C. § 49, which gives the court authority "to issue an order requiring [person, partnership, corporation] to "appear before the [FT] Commission [or DOL]," or to "produce documentary evidence" if so ordered. The statute grants this power to the court "in case of

contumacy or refusal to obey a subpoena," and it provides that "any failure to obey such order of the court may be punished by such court as a contempt thereof." 15 U.S.C.A. § 49. As a district judge in Connecticut recently explained:

> Congress enacted the FLSA in 1938 "to correct and as rapidly as practicable to eliminate," "labor conditions detrimental to the maintenance of the minimum standard of living necessary for [the] health, efficiency, and general well-being of workers." 29 U.S.C. § 202. In line with that declaration of policy, Congress tasked the DOL with enforcing the FLSA's regulations, providing that the Secretary may:
>
>> investigate and gather data regarding the wages, hours, and other conditions and practices of employment in any industry subject to this chapter, and may enter and inspect such places and such records (and make such transcriptions thereof), question such employees, and investigate such facts, conditions, practices, or matters as he may deem necessary or appropriate to determine whether any person has violated any provisions of this chapter, or which may aid in the enforcement of the provisions in this chapter.
>
> 29 U.S.C. § 211(a). To carry out its investigative function, Congress invested the DOL with the power to issue subpoenas enforceable in federal district court. 15 U.S.C. § 49.[3]
>
> [3] "Title 15 relates to the Federal Trade Commission, but Congress expressly made these same powers available to the DOL pursuant to the FLSA. *See* 29 U.S.C. § 209; *see also Donovan v. Lone Steer, Inc.*, 464 U.S. 408, 409–410 (1984) ("§ 9 of the FLSA, 29 U.S.C. § 209, empowers the Secretary of Labor to subpoena witnesses and documentary evidence relating to any matter under investigation"); *Oklahoma Press Pub. Co. v. Walling*, 327 U.S. 186, 199-200 (1946) ("The subpoena power conferred by § 9 [of the FLSA] (through adoption of § 9 of the Federal Trade Commission Act) is given in aid of this investigation and, in case of disobedience, the District Courts are called upon to enforce the subpoena through their contempt powers."

*Perez v. Lasership, Inc.*, No. 3:15-MC-00031 (CSH), 2015 WL 11109330, at *2 & n.3 (D. Conn. Sept. 18, 2015).

The United States Supreme Court has held that compliance with administrative subpoenas will be ordered by the court if: (1) the inquiry is within the authority of the agency; (2) the demand

7

for production is not too indefinite; and (3) the information sought is reasonably relevant to the authorized inquiry. *Okla. Press Publ'g Co. v. Walling*, 327 U.S. 186 (1946). The Supreme Court has also held that the Secretary can establish a prima facie case solely through a government official's declaration. *United States v. Stuart*, 489 U.S. 353, 360 (1989). Once the government makes this preliminary showing, the burden shifts to the respondent to prove that enforcement of the administrative subpoena would be unreasonable.

Here, the court's authority to enforce the Subpoena has not been called into question. Despite ample opportunity, Respondent never attempted to show cause as to why the Subpoena should not be enforced. Further, Respondent has now provided responsive documents to Petitioner. Additionally, several months have passed since the August 2016 hearing regarding enforcement of the Subpoena, and neither party has sought further consideration of the substance of the documents requested in the Subpoena.

Rather, the only remaining issues before the court concern Petitioner's request for fees and costs associated with preparing for and attending the August 19, 2016 hearing and Petitioner's more general request for "sanctions in a manner deemed appropriate by the Court[.]" Mot. Hearing and Costs 2.

### A. Costs and Attorneys' Fees

Regarding the costs sought, Petitioner does not discuss in any detail a separate statutory or rule-based authority for the award of the costs of attending the August 19, 2016 hearing. Nor does the FLSA include discussion of awarding costs when a subpoena-enforcement proceeding becomes necessary. Accordingly, as did the court in *Perez v. Lasership*, the undersigned looks to Federal Rule of Civil Procedure 37 in considering this request for costs. *Perez v. Lasership, Inc.*,

2015 WL 11109330, at *6 & n.10 (noting Fed. R. Civ. P. 81(a)(5) makes the rules of civil procedure "applicable to proceedings to compel testimony or the production of documents through a subpoena issued by a United States officer or agency under a federal statute, except as otherwise provided by statute, by local rule, or by court order in the proceedings.").

> Rule 37(a)(5)(A) requires that, if a motion to compel disclosure or discovery is granted,
>
> the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). Here, the Order setting the August 2016 hearing instructed Petitioner's counsel to be prepared to provide information about fees and costs incurred. ECF No. 11 at 2. At the hearing, the undersigned again instructed Petitioner's counsel to submit information regarding any costs for which Petitioner seeks reimbursement. Petitioner did so. ECF No. 19. The court made every effort to provide Respondent with a copy of Petitioner's Memorandum Regarding Costs and gave Respondent several weeks to submit any response to the request for costs. No response has been provided.

Accordingly, the undersigned is of the opinion that Rule 37(a)(5)(A) requires the assessment of costs. Respondent's failure to provide the DOL with documents based on the early requests necessitated Petitioner's filing this action to enforce an administrative subpoena and seeking a hearing on same. While the court notes Respondent's eventual compliance with the Subpoena, it does not seem this delayed response is "substantially justified," nor is the award of

some amount of costs related to the required hearing "unjust." Accordingly, the undersigned is of the opinion that an award of a reasonable amount of costs related to preparation for and travel to the August 2016 hearing is appropriate.

In the Memorandum Regarding Costs,[2] Petitioner's counsel Chastain indicates her expenses for round-trip travel between Atlanta, Georgia and Florence, South Carolina, total $542.61. Chastain submits she expected to spend 12 hours preparing for and traveling to and from the hearing. ECF No. 19 at 1. Chastain's hourly rate, as calculated by the U.S. Department of Justice ("DOJ"), *see* ECF No. 19-1), is $175.20. Chastain submits the costs associated with her appearance at the hearing equal *$2,645.01*. This total calculation seems to be derived from adding her travel expenses to 13 hours of work, which would include the 12-hour preparation-and-travel time and one hour for appearing at the hearing. Petitioner also seeks one hour of attorney's fees for AUSA Brook Andrews for his work in preparing the Motion for Hearing and Costs. At AUSA Andrews' hourly rate, that request is for an additional *$158.02*. Finally, Petitioner seeks travel costs of $86.40 and attorney fees for AUSA Attorney Jennifer Aldrich's travel to and appearance at the August hearing. AUSA Aldrich, whose DOJ-calculated hourly rate is $193.43, seeks a combined *$1,018.14* in fees and costs.

Having considered the fees and costs presented, the undersigned is of the opinion that the hourly rates as calculated by DOJ are reasonable and in keeping with the normal range of rates in this District. The court finds it appropriate to order the fees and costs for lead counsel Chastain be

---

[2] The fees set out in the Memorandum Regarding Costs, ECF No. 19, were estimated, not exact. If the United States District Judge adopts the undersigned's recommendation to award attorneys' fees, it may be appropriate to instruct Chastain to provide an itemized accounting of the hours and fees sought. In the Memorandum, Chastain seeks a total of $2,645.01 for her travel expenses and attorneys' fees attributable to her. *See* Mem. 2.

paid by Respondent. Further, the $158.02 sought for one hour of AUSA Andrews' time for motion preparation is reasonable and should be awarded. While the court is aware that local procedural rules require that local counsel appear at hearings, the undersigned suggests it would be unjust to require Respondent bear the cost of attorneys' fees for local counsel to prepare for the hearing given the hours Chastain spent in preparation for the hearing. The recommendation that the $1,018.14 in fees and costs sought for Aldrich's appearance not be charged to Respondent is by no means meant as a commentary on Aldrich's abilities as counsel. The undersigned does find it appropriate to charge Aldrich's travel costs of $86.40 to Respondent. Based on the foregoing, it is recommended that fees and costs be awarded and taxed against Respondent as discussed above.

    B.  Sanctions

Petitioner no longer seems to seek sanctions. In the Motion for Hearing and Costs, Petitioner submits Respondent should be subject to sanctions if it did not appear at the scheduled hearing and provide documents and information responsive to the subpoena. Mot. 2. Respondent did appear at the hearing and did provide responsive documents. To the extent Petitioner continues to seek sanctions, it is recommended that such request be denied. Although Respondent did not fully comply with DOL's requests for information prior to the filing of this enforcement procedure and hearing, it did comply during by the date of the hearing set by the undersigned. Respondent's actions relative to the Subpoena cannot be considered "contumacy or refusal to obey a subpoena," 15 U.S.C.A. § 49, making sanctions for violation of any court order inappropriate.

V.    Conclusion and Recommendation

Based on the foregoing, it is recommended that the court issue the following rulings, which will end this miscellaneous matter:

- Petitioner's Motion to Set a Hearing Date and for Payment of Costs, ECF No. 7, be *granted*;

- Attorneys' fees and costs in an amount to be determined by the United States District Judge[3] be awarded against Respondent, but no other sanctions be issued; and

- Petitioner's Petition to Enforce Administrative Subpoena Duces Tecum Issued by the Wage and Hour Division, ECF No. 1, be *granted*, and this matter be dismissed.

IT IS SO RECOMMENDED.

November 22, 2016  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[3] Based on the fees and costs included in the Memorandum, the undersigned is of the opinion that the amount to be awarded consists of Chastain's verified costs and fees (currently estimated at *$2,645.01*), AUSA Andrews fees of *$158.02*, and AUSA Aldrich's travel costs of *$86.40*.