UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Thomas E. Perez, | ) | CASE NO. 4:16-mc-00191-BHH |
| Secretary of Labor, | ) | |
| United States Department of Labor, | ) | **ORDER** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Beachside Home Care, LLC, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Kaymani D. West made in accordance with 28 U.S.C. § 636 and in accord with this District's Standing Order 3:12-mc-386-MBS. Petitioner brought this action seeking to Enforce Administrative Subpoena Duces Tecum Issued by the Wage and Hour Division concerning an investigation of Respondent that is being conducted pursuant to the Fair Labor Standards Act of 1938, as amended ("FLSA"). (ECF No. 1.)

On May 31, 2016, the Court issued an Order to Show Cause directing Respondent to show cause as to why it should not be required to comply with Petitioner's Subpoena and why the relief sought in the Petition should not be granted. (ECF No. 3.) Petitioner served the May 31, 2016 Order to Show Cause, the Petition, and a copy of the Subpoena on Respondent by mail on June 6, 2016, and in person on June 7, 2016. (ECF Nos. 5; 6.) On July 26, 2016, Petitioner filed a Motion to Set a Hearing Date and for Payment of Costs, (ECF No. 7), which was referred to United States Magistrate Judge Kaymani D. West.

On November 22, 2016, the Magistrate Judge issued a Report and Recommendation in which she recommended that: 1) Petitioner's Motion to Set a Hearing Date and for Payment of Costs, (ECF No. 7), be granted; 2) Attorneys' fees and costs in an amount to be determined by the United States District Judge be awarded against Respondent, but no other sanctions be issued; and 3) Petitioner's Petition to Enforce Administrative Subpoena Duces Tecum Issued by the Wage and Hour Division, (ECF No. 1), be granted and this matter be dismissed. (ECF No. 25.) Neither party filed objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The Court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. Specifically, the Court GRANTS Petitioner's Motion to Set a Hearing Date and for Payment of Costs, (ECF No. 7). The Court further GRANTS Petitioner's Petition to Enforce Administrative Subpoena Duces Tecum Issued by the Wage and Hour Division, (ECF No. 1), and dismisses this action. As for the attorneys'

fees and costs to be awarded, the Court agrees with the Magistrate Judge that Respondent should only pay the following: 1) Lydia Jones Chastain's ("Chastain") fees and costs; 2) Brook Bowers Andrews' fees of $158.02; and 3) Jennifer J. Aldrich's travel costs of $86.40. The Court further agrees that the hourly rates as calculated by the Department of Justice are reasonable and in keeping with the normal range of rates in this District. (ECF Nos. 25 at 10; 19-1.) However, the Court declines to award an exact amount at this time because Chastain's fees, set out in Petitioner's Memorandum Regarding Costs, (ECF No. 19), were estimated and not exact. Chastain is therefore instructed to submit an itemized accounting of the hours and fees sought for her work within 20 days of the issuance of this Order.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

Greenville, South Carolina
January 30, 2017